1

2

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

3    JEROMY OELKER,                                          Case No.  2:24-cv-01699-JAD-EJY

4              Plaintiff,

5         v.                                                 **ORDER**

6    IDAHO STATE BAR, DIRECTOR DIANE
     MINNICH, THOMAS CLARK,

7

8              Defendants.

9         Pending before the Court is Plaintiff Jeromy Oelker's application to proceed *in forma*

10   *pauperis* ("IFP") and Civil Rights Complaint.  ECF Nos. 1, 1-1.  The IFP application is granted.  The

11   Complaint is dismissed without prejudice and with leave to amend.

12   **I.      Screening Standard**

13        Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint

14   under 28 U.S.C. § 1915(e)(2).  In its review, the court must identify any cognizable claims and

15   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be

16   granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §

17   1915A(b)(1), (2).  Pro se pleadings, however, must be liberally construed.  *Balistreri v. Pacifica*

18   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff

19   must allege two essential elements: (1) the violation of a right secured by the Constitution or laws

20   of the United States, and (2) that the alleged violation was committed by a person acting under color

21   of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

22        In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

23   Reform Act, a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue,"

24   or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or

25   seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

26   Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for

27   in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915

28

1    when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a

2    complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions

3    as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies

4    could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

5         Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *Chappel v. Lab.*

6    *Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper

7    only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would

8    entitle him or her to relief.  *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this

9    determination, the court takes as true all allegations of material fact stated in the complaint, and the

10   court construes them in the light most favorable to the plaintiff.  *Warshaw v. Xoma Corp.*, 74 F.3d

11   955, 957 (9th Cir. 1996).  Allegations of a pro se complainant are held to less stringent standards

12   than formal pleadings drafted by lawyers.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard

13   under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than

14   mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic

15   recitation of the elements of a cause of action is insufficient.  *Id.*

16        Further, a reviewing court should "begin by identifying pleadings [allegations] that, because

17   they are no more than [mere] conclusions, are not entitled to the assumption of truth."  *Ashcroft v.*

18   *Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a

19   complaint, they must be supported with factual allegations."  *Id.*  "When there are well-pleaded

20   factual allegations, a court should assume their veracity and then determine whether they plausibly

21   give rise to an entitlement to relief."  *Id.*  "Determining whether a complaint states a plausible claim

22   for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial

23   experience and common sense."  *Id.*

24        Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte*

25   if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on

26   legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or

27   claims of infringement of a legal interest which clearly does not exist), as well as claims based on

28

fanciful factual allegations (e.g., fantastic or delusional scenarios).  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.      Discussion**

Plaintiff's fourteen page Complaint attaches over 90 pages of exhibits.  The Complaint fails to state a single cause of action against an identifiable defendant.  The Complaint is repetitive and difficult to follow if decipherable at all.  Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for relief sought …."  A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640 (9th Cir. 1988).  Defendants cannot be expected to decipher Plaintiff's pleadings and respond to such length and prolixity.  *Fritz v. County of Kern*, Case No. CV-F-07-377 OWW/TAG, 2009 WL 382741, at *2 (E.D. Cal. Feb. 13, 2009).  Indeed, the Court is empowered to dismiss, without leave to amend an excessively long and prolix complaint.  *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).  As explained in *Cafasso*, allowing Plaintiff to proceed with his Complaint would "burden … [Defendants] with the onerous task of combing through [an excessively long complaint] just to prepare an answer that admits or denies such allegations and to determine what claims and allegations must be defended or otherwise litigated."  *Id*.  "[T]he very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action."  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Here, simply put the length and complete lack of organization of Plaintiff's Complaint makes it extremely difficult for individual defendants to identify claims raised and formulate proper defenses such that allowing Plaintiff to proceed would run afoul of well settled law.  *Id.* at 1175.

**III.     Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice and with **one** opportunity to amend.  If Plaintiff chooses to amend his Complaint, he **must** do so no later than **October 31, 2024**.  The amended complaint **must** comply with Rule 8 of the Federal Rules of Civil Procedure.  This means Plaintiff must carefully consider who he wishes to include as a defendant and then, in short plain paragraphs, state the facts supporting the violation of his federal or constitutional rights allegedly violated.

Plaintiff is advised that if he fails to comply with this Order the Court will recommend dismissing this action in its entirety without prejudice.

Dated this 1st day of October, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE