UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEROMY OELKER,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO STATE BAR, DIRECTOR DIANE MINNICH, THOMAS CLARK,<br><br>Defendants. | Case No. 2:24-cv-01699-JAD-EJY<br><br>**REPORT AND RECOMMENDATION** |

This action commenced when *pro se* Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") together with a Complaint on September 10, 2024. ECF Nos. 1, 1-1. On October 1, 2024, the Court granted Plaintiff's IFP application. ECF No. 3. In the same Order, the Court dismissed Plaintiff's Complaint without prejudice and with leave to amend. *Id.* The Order gave Plaintiff through and including October 31, 2024 to file an amended complaint demonstrating a violation of his rights under the U.S. Constitution or federal statute. The Court advised Plaintiff it would recommend dismissal of his case in its entirety if he failed to comply with its Order. *Id.*

Instead of filing an amended complaint Plaintiff submitted a Motion for Injunction on October 31, 2024. ECF No. 6. Because Plaintiff may not have understood his Motion would not substitute for a complaint, the Court issued an Order on November 20, 2024 explaining this to Plaintiff and giving him through and including December 2, 2024 to file an amended complaint. ECF No. 7. The Court told Plaintiff that if he failed to comply with its Order, it would recommend dismissal of his action in its entirety. *Id.* As of the date of this Recommendation, Plaintiff has not filed an amended complaint.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with

an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See*, *e.g.*, *Thompson*, 782 F.2d at 831; *Ferdik*, 963 F.2d at 1260–61.

Here, the first two factors weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The public policy interest in disposition of cases on their merits is outweighed by the other factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See*, *e.g.*, *Ferdik*, 963 F.2d at 1262. The Court informed Plaintiff that failure to file an amended complaint would result in a recommendation to dismiss his action in its entirety.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's action be DISMISSED without prejudice.

Dated this 9th day of December, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds that the courts of appeal may determine that an appeal has been waived due to the failure to file

objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also holds that (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).