UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEROMY OELKER,<br><br>    Plaintiff,<br><br>v.<br><br>IDAHO STATE BAR, DIRECTOR DIANE MINNICH, THOMAS CLARK,<br><br>    Defendants. | Case No. 2:24-cv-01699-JAD-EJY<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**<br><br>ECF Nos. 6, 8 |

On December 9, 2024, the magistrate judge entered the following report and recommendation:

> This action commenced when *pro se* Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") together with a Complaint on September 10, 2024. ECF Nos. 1, 1-1. On October 1, 2024, the Court granted Plaintiff's IFP application. ECF No. 3. In the same Order, the Court dismissed Plaintiff's Complaint without prejudice and with leave to amend. *Id.* The Order gave Plaintiff through and including October 31, 2024 to file an amended complaint demonstrating a violation of his rights under the U.S. Constitution or federal statute. The Court advised Plaintiff it would recommend dismissal of his case in its entirety if he failed to comply with its Order. *Id.*
>
> Instead of filing an amended complaint Plaintiff submitted a Motion for Injunction on October 31, 2024. ECF No. 6. Because Plaintiff may not have understood his Motion would not substitute for a complaint, the Court issued an Order on November 20, 2024 explaining this to Plaintiff and giving him through and including December 2, 2024 to file an amended complaint. ECF No. 7. The Court told Plaintiff that if he failed to comply with its Order, it would recommend dismissal of his action in its entirety. *Id.* As of the date of this Recommendation, Plaintiff has not filed an amended complaint.
>
> District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with

an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See*, *e.g.*, *Thompson*, 782 F.2d at 831; *Ferdik*, 963 F.2d at 1260–61.

Here, the first two factors weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The public policy interest in disposition of cases on their merits is outweighed by the other factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See*, *e.g.*, *Ferdik*, 963 F.2d at 1262. The Court informed Plaintiff that failure to file an amended complaint would result in a recommendation to dismiss his action in its entirety.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's action be DISMISSED without prejudice.

Dated this 9th day of December, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**Order Adopting Report & Recommendation**

The deadline for any party to object to this recommendation was December 23, 2024, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States*

2

*v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. **IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation [ECF No. 8] is ADOPTED in its entirety. This case is DISMISSED, and the motion for injunction [ECF No. 6] is DENIED as moot. The Clerk of Court is directed to CLOSE THIS CASE.**

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　U.S. District Judge Jennifer A. Dorsey
　　　　　　　　　　　　　　　　　　　　Dated: December 30, 2024

3